**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JENNIFER BUTURLA,<br><br>             Plaintiff,<br><br>  v.<br><br>AWTY PRODUCTIONS, LLC,<br><br>             Defendant. | 3:12 - CV - 1758 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

## I.    INTRODUCTION

On or about November 5, 2012, Plaintiff Jennifer Buturla ("Plaintiff" or "Buturla") commenced this civil action against AWTY Productions, LLC ("Defendant" or AWTY") in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport, seeking damages for AWTY's alleged violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60, *et seq*. On December 14, 2012, Defendant filed a Notice of Removal in this District, thereby removing the action to this Court on the basis of "diversity of citizenship" subject matter jurisdiction. Doc. #1, ¶8.[1] *See also* 28 U.S.C. §1441(a).[2] As set forth below, neither Plaintiff in her

---

[1] In its Notice of Removal, Defendant states, "This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court, pursuant to 28 U.S.C. §1441(b)."

[2] 28 U.S.C. §1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original

1

state court Complaint, nor Defendant in its federal Notice of Removal has pled sufficient facts to establish the citizenship of each party for diversity purposes.  Accordingly, the Court must *sua sponte* seek additional facts to confirm its subject matter jurisdiction.[3]

## II.   DISCUSSION

It is incumbent on a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it.  If necessary, the court is obligated to consider its subject matter jurisdiction *sua sponte*.  *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also  Univ. of South Alabama v. Am. Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").  The court must  "review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction."   *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3] The Court notes, at the outset, that "[w]here, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *see also* 14A Charles A. Wright & Arthur R. Miller § 3721, at 209-10 (1990)("[d]efendant always has the burden of establishing that removal is proper").

time)).

Generally, if subject matter jurisdiction is lacking, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  *See, e.g., Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte,* at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *Lovejoy v. Watson,* 475 F. App'x 792, 792 (2d. Cir. 2012) ("Where jurisdiction is lacking, . . . dismissal is mandatory.") (internal quotations and citation omitted).  Moreover, if an action has been removed and the district court lacks subject matter jurisdiction, remand to state court is mandatory.  *See, e.g., United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994).

In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants.  *See, e.g., St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.")  (citing  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) .  Moreover, "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).

For removal purposes, diversity must exist both at the time that the action was commenced in state court and at the time of removal.  *See Kellam v. Keith*, 144 U.S. 568, 568-70 (1892); *United Food & Commercial Workers Union,* 30 F.3d at 301 ("where basis of removal is diversity then

3

diversity of citizenship must exist at time action was filed in state court as well as at time of removal")(citing 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §3723, at 311-12 (1990)).  The existence of diversity jurisdiction at both points must be alleged in the removal notice. *See, e.g., Wenger v. Western Reserve Life Assur. Co. of Ohio*, 570 F.Supp. 8, 10 (M.D.Tenn.1983).  "The purpose behind this requirement is 'to prevent a nondiverse defendant from acquiring a new domicile after the commencement of the state suit and then removing on the basis of the newly created diversity of citizenship.'" *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2c Cir. 2003) (quoting14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3723, at 574 (3d ed.1998)).

As set forth *supra*, in its Notice of Removal , AWTY asserts that this Court has subject matter jurisdiction based on diversity of citizenship.   Doc. #1, ¶8.  Pursuant to 28 U.S.C. §1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."[4]   However, AWTY has failed to provide sufficient facts to establish that such diversity of citizenship exists.  The Court therefore mandates confirmation of the citizenship of both  parties.[5]

Defendant represents in its Notice of Removal that "AWTY Productions, LLC, is a

---

[4]  If, as Defendant asserts, "[t]he amount in controversy, exclusive of interest and cost[s], exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00)," the element of jurisdictional amount is satisfied.  *See* Doc. #1, ¶5 (emphasis in original).

[5]  In the state court Complaint, Plaintiff characterizes her claim as "an action arising pursuant to the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq*." Doc. #1-1, ¶1.  Therefore, as drafted, the Complaint contains no claim arising under the Constitution or federal statute and hence no basis for  "federal question" subject matter jurisdiction under 28 U.S.C. §1331.

4

corporation organized under the laws of Delaware, with its principal place of business in Santa Monica, California." Doc. #1, ¶ 7. Plaintiff's state court Complaint similarly avers that Defendant "is a Delaware [c]orporation with its principal place of business located at 2900 West Olympic Boulevard in Santa Monica, California." Doc. #1-1, ¶4. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." If AWTY was indeed a corporation at the commencement of both the state and federal actions, the facts alleged by both Defendant and Plaintiff establish AWTY's citizenship in the states of Delaware and California.

However, the Court notes that AWTY's name on the case caption and throughout the pleadings is written as "AWTY Productions, *LLC*," indicating that it may in fact be a "limited liability company." "The citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006). Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction).[6] If AWTY is a limited liability company, it has failed to provide the identities and citizenship of each of its members. Citizenship of each member must be known to insure that complete diversity exists in this action. Therefore, if AWTY was

---

[6] *See also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000), as the appropriate "test for determining the citizenship of a limited-liability company").

actually a limited liability company on the relevant dates, the Court must be apprised of the identities of all members and their state(s) of citizenship for diversity purposes on the dates this action was commenced in state Court and at the time of removal.[7]

With respect to her citizenship, Plaintiff provides in her Complaint that "[s]he resides in the Judicial District of Fairfield." Doc. #1-1, ¶3. Defendant likewise alleges in its Notice of Removal that "[u]pon information or belief, the Plaintiff, Jennifer Buturla, is a resident of the State of Connecticut." Doc. #1, ¶6. Neither allegation is sufficient to establish Plaintiff's citizenship. With respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). *See also John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens").[8]

"In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – *i.e*, "the place to which, whenever he is absent, he has the intention of returning."

---

[7]   Plaintiff's state court Complaint is dated November 5, 2012, and AWTY filed the Notice of Removal in this Court on December 14, 2012. For purposes of diversity, both dates are deemed commencement dates in this action.

[8]   *Accord Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) ("It is well established that '[a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.'") (quoting *John Birch Soc.*, 377 F.2d at 199).

*Martinez v. Bynum*, 461 U.S. 321, 331 (1983).   *See also Palazzo*, 232 F.3d at 42;  13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984).   Although an individual may have several residences, he or she can have only one domicile.[9]   *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)  (for jurisdictional purposes, "'[d]omicile' is not necessarily synonymous with 'residence,'" and "one can reside in one place but be domiciled in another") (citations omitted).

AWTY has alleged the residency of Plaintiff without establishing her citizenship (*i.e.*, domicile).  Her Complaint sheds no further light.   Citizenship may not be inferred from residency. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925).  "[S]tatements in the . . . removal notice as to residence are insufficient to permit an inference as to diversity of citizenship for purposes of federal jurisdiction."  *Adrian Family Partners I, L.P.*, 79 F. App'x at 491 (citing, *inter alia, Franceskin v. Credit Suisse*, 214 F.3d 253, 256 (2d Cir. 2000)).[10]  Accordingly, the citizenship of the individual Plaintiff must be established.

---

[9]  The United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983).   "[S]uch place of abode becomes his residence . . . ."  *Id.*   The test for residency is thus less stringent than the "more rigorous domicile test." *Id.*  For example, "residency" may be taken up for personal or business reasons and may be permanent for only a period of time.  *Id.*

[10]  *See also Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (plaintiff's allegation that she was "resident" of Virginia was insufficient to establish diversity jurisdiction over claims against Massachusetts corporation).

III.    **CONCLUSION**

In order to determine whether it has subject matter jurisdiction in this removed action, the Court hereby ORDERS each party to establish, by affidavit, citizenship for diversity purposes as of the date this action was commenced in state court, on or about November 5, 2012, and the date it was removed, December 14, 2012.  Specifically, Plaintiff Jennifer Buturla is hereby ORDERED to submit an affidavit indicating her state of citizenship at the commencement of the action.  In so complying, she must declare:  (1) the state in which she was *domiciled* and principally established or her "true fixed home" and (2) the names, if any, of other states in which she had a residence.  If there are additional states in which she maintained a residence, the affidavit must further provide: (a) the location of all such residences kept and (b) the approximate length of time she spent at each residence.

Defendant AWTY Productions, LLC is ORDERED to submit an affidavit of counsel or an appropriate representative indicating whether, as of November 5, 2012, and December 14, 2012, it was in fact a corporation.  If it did exist as a corporation, the allegations contained in the Notice of Removal establish its citizenship in the states of Delaware and California.  AWTY must, however, provide the names of any other states in which it was incorporated.  *See* 28 U.S.C. §1332(c)(1).

Alternatively, if as of the relevant dates AWTY was actually a limited liability company, its requisite affidavit to the Court must so indicate and explicitly set forth the identities and state(s) of citizenship of each of its members as of November 5, 2012, and December 14, 2012.

Both parties shall file and serve their affidavits regarding citizenship on or before **January 15, 2013.**   All case deadlines are stayed pending the Court's review of the affidavits.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.

8

Otherwise, in the absence of such jurisdiction, the Court will remand the action to state court.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 20, 2012

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE