## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

JENNIFER BUTURLA,

    Plaintiff,

 v.

AWTY Productions, LLC,

    Defendant.

3:12-CV-01758(CSH)

**November 10, 2015**

## RULING ON MOTIONS TO COMPEL AND MOTION TO UNSEAL TRANSCRIPT FILED IN AN UNRELATED CASE

**HAIGHT**, Senior District Judge:

   In this diversity action, removed to federal court by Defendant AWTY Productions, LLC, Plaintiff Jennifer Buturla claims that Defendant, her former employer, violated the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 *et seq.* ("CFEPA") by summarily terminating her employment and thus retaliating against her for complaining to supervisors about a co-worker who was sexually harassing her; subjecting her to a hostile working environment because of her sex; and subjecting her to a hostile working environment because of her mental disability.

   The efforts of the parties and a court-appointed Special Master to settle this case in October were unsuccessful. The motion for summary judgment deadline passed without either party filing one. *See* Doc. 28. The case will be tried sometime next year.

   Although discovery in this case has been substantially completed, the parties are at an impasse with respect to certain areas of discovery that comprise the subject of this Ruling. The nature of the discovery disputes are set forth in three motions filed by Defendant: a motion to compel Plaintiff to produce tax returns and the transcript of her deposition taken in an unrelated case, *see*

*Buturla v. Lattanzio*, No. 3:11 CV 00661 (WWE) (HBF), (D. Conn.), Doc. # 1 (Complaint, filed 4/26/2011), [Doc. 31]; a motion to compel Plaintiff to produce medical and psychiatric records [Doc. 34]; and a motion to unseal Plaintiff's deposition transcript in the *Lattanzio* case.  This Ruling resolves those motions.

## II

### A.    Standard of Law - Motion to Compel

Pursuant to Rule 37(a)(3), Fed. R. Civ. P., alter"[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia*,  "a party fails to answer an interrogatory submitted under Rule 33;" or "fails to respond that inspection [of requested documents] will be permitted — or fails to permit inspection — as requested under Rule 34." [1]  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

A motion to compel must include an affidavit certifying that the movant has made an attempt "to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.* 37(a)(1); *see also* D. Conn. Loc. R. 37(a) ("No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution."). In this case, Defendant represents that before filing the instant motions to compel, he conferred in

---

[1]  Rule 33  specifies the permissible  number, scope, and response time for interrogatories in general.  Fed. R. Civ. P. 33 (a)-(b).  Rule 33 also mandates that with respect to the party on whom the interrogatories are served, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  *Id.* at 33(b)(3).

Rule 34 enables any party to serve upon any other party to an action a request for documents, electronically stored information, and other "designated tangible things."  Fed. R. Civ. P. 34.

good faith with Plaintiff's counsel in an effort to resolve the discovery disputes as mandated by Fed. R. Civ. P. 37(a)(1) and D. Conn. Loc. R. 37(a).  The Court accepts that representation.

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation.  Fed R. Civ. P. 26(b)(1).  The information sought does not need to be admissible at trial; it need only be reasonably calculated to lead to discovery of admissible evidence.  *Id.*  "Relevance" under the Federal Rules of Civil Procedure 26(b)(1) is defined broadly to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  The party resisting discovery bears the burden of showing why a discovery request should be denied.  *Jacobs v. Connecticut Community Technical Colleges*, 258 F.R.D. 192, 195 (D. Conn. 2009).

**B.**   **Motion to Compel Production of Plaintiff's Tax Returns and Medical and Psychiatric Records**

Plaintiff's tax returns and medical and psychiatric records are relevant to this litigation because they may reveal evidence relating to Plaintiff's monetary damages, including lost wages, lost earning capacity, and emotional distress damages.  Moreover, her medical and psychiatric records may bear on Defendant's defense to Plaintiff's claim that Defendant subjected her to a hostile working environment because of her mental disability.

Plaintiff recognizes that this information is relevant and discoverable, which is why in response to Defendant's motions to compel the production of her tax returns and medical and psychiatric records, she represents that she has served or intends to serve Defendant with the requested documents.  *See* Docs. 32, 33 and 38.  The Court assumes that Plaintiff has by now

3

disclosed these documents to Defendant.  Defendant's motion to compel the production of Plaintiff's

tax returns and medical and psychiatric records will therefore be denied as moot.  If counsel for

Defendant states in writing to the Court that this discovery has not been made, the motion to compel

will be reinstated.

**C.**    **Motion to Compel Production of Deposition Transcript in Unrelated Case and Motion to Unseal that Transcript**

Defendant has also filed a motion to compel Plaintiff to produce the transcript of her

deposition taken by the City of Bridgeport in *Lattanzio* and a motion to unseal that transcript.  In

*Lattanzio*, Plaintiff sued the City of Bridgeport, the mayor, the chief of police (collectively, "City

Defendants"), and Bridgeport Police Officer, Thomas Lattanzio (together, with "City Defendants,"

the "Bridgeport Defendants") alleging common law torts and deprivation of her civil rights in

violation of 42 U.S.C. §§ 1983 and 1988.  The gravamen of the complaint was that Lattanzio

engaged in pattern of harassing and stalking Plaintiff and that the City of Bridgeport and its

leadership refused to assist Plaintiff.  *See Buturla v. Lattanzio*, No. 3:11 CV 00661 (WWE) (HBF),

(D. Conn.), Doc. # 1, at §§ 8-9.   Judge Eginton granted in separate rulings the City Defendant's

motion for summary judgment and Lattanzio's motion for judgment on the pleadings.  *Id.*, at Docs.

33 and 55.  The Clerk entered judgment in favor of the Bridgeport Defendants against Plaintiff in

accordance with those rulings.  *Id.*, at Doc. 56.

In the case at bar, Defendant points out that Plaintiff's allegations against the Bridgeport

Defendants in *Lattanzio* temporally coincide with her allegations against Defendant in this case, and

that her deposition testimony in the former litigation is relevant and discoverable in this case because

she is alleging the same injuries, including severe emotional distress.  Defendant also believes that

the transcript may contain testimony regarding her employment with Defendant.

The Court recognizes that this deposition testimony is potentially relevant to the subject matter of this litigation.  In both this case and in *Lattanzio*, Plaintiff alleges that she was harassed by the respective defendants and that the harassment in both cases occurred at roughly the same time. At the very least, the testimony suggests an alternative cause of Plaintiff's emotional distress, and is therefore evidence that may have bearing on the issues in this case.

Plaintiff does not oppose the instant motion on relevancy grounds; but rather, contends that the deposition transcript cannot be produced because the court has sealed it.  "I would love to produce the transcript," Plaintiff seems to imply, "but my hands are tied — it is a sealed document." Defendant has bought into the argument, echoed the sentiment, and filed a motion to unseal the transcript.

The Court agrees that if a sealing order is in effect in *Lattanzio* restricting the public's access to Plaintiff's deposition transcript, then it necessarily follows that Plaintiff would be prohibited from producing that document to Defendant in this case.  The problem with Plaintiff's objection to the discovery request is that the deposition transcript in *Lattanzio* is not sealed in its entirety.  The parties in that case made an oral motion to seal the deposition transcript during a telephone status conference before Magistrate Judge Fitzsimmons on April 19, 2012.  *Id.*, at Doc. 15.  Magistrate Judge Fitzsimmons granted the motion in a text order, entered that same day, which stated:

> ORDER granting . . . Motion to Seal, the deposition transcript of Jennifer Buturla is designated Attorney's Eyes Only. Once the transcript is prepared, counsel for the plaintiff and [counsel for the City Defendants] will consult and agree on portions of the deposition transcript that can be unsealed, and provide the Court with the information with an appropriate motion to unseal.

*Buturla v. Lattanzio*, No. 3:11 CV 00661 (WWE) (HBF), (D. Conn.), Doc. # 14.  When the case approached the summary judgment stage, Magistrate Judge Fitzsimmons granted the City Defendants' motion to unseal some 42 pages of the transcript in an Order dated July 18, 2012.  *Id.*, at Doc. 24.  There is no sealing order in effect pertaining to these 42 pages of transcript and therefore no defensible reason why Plaintiff has not produced them in this case.  Defendant's motion to compel discovery of the portion of the deposition transcript ordered unsealed by Magistrate Judge Fitzsimmons will be granted.[2]

Defendant's motion to unseal the remaining portion of the transcript assumes that this Court has the authority to direct another judge in this District to vacate her sealing order.  This Court is aware of no authority authorizing it to issue such an order.  Nor does Defendant cite any.  Motions to unseal should generally be made in the first instance to the court or judge that issued the order.  Defendant has made no such motion.

Contrary to Defendant's assumption, it is well-settled that intervention pursuant to Fed. R. Civ. P. 24(b) is the proper procedure for a third party to seek to modify a protective order or sealing order in a private suit.  *See Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (collecting cases for that proposition and granting third party intervenor's motion to unseal the record in that closed case); *see also  Int'l Equity Investments, Inc. v. Opportunity Equity Partners Ltd.*, No. 05 CIV. 2745 (JGK) (RLE), 2010 WL 779314, at *2-4 (S.D.N.Y. Mar. 2, 2010) *objections*

___

[2] Although Magistrate Judge Fitzimmons' April 19, 2012 Sealing Order directed the sealing of the deposition transcript, it bears noting that apart from the 42 unsealed pages of the transcript filed by the City Defendants in support of their motion for summary judgment, the remainder of the transcript was never filed.  The Sealing Order is therefore something of a fiction, since the deposition transcript is not actually sealed on the docket.  The Court nevertheless accepts the parties' view that discovery of the deposition transcript in the case at bar would be in contravention of the Sealing Order.

*overruled*, No. 05 CIV. 2745 (JGK), 2010 WL 1459178 (S.D.N.Y. Apr. 12, 2010) *aff'd*, 415 F. App'x

286 (2d Cir. 2011) (granting third party' motion to intervene pursuant to Rule 24(b), but denying

motion to modify confidentiality order and gain access to seal documents).  Furthermore, "[t]he trial

court continues to have the power to modify a protective order, even after the underlying action has

been dismissed." *Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54, 71 (E.D.N.Y. 2012) (internal quotation

marks and citations omitted).  As a third party, Defendant needs to file a motion to intervene in

*Lattanzio*, and request modification of the court's sealing order, and, if so desired, the protective

order prescribing an "Attorney's Eyes Only" designation for certain portions of the deposition

transcript.[3]  Defendant's motion to unseal the deposition transcript in *Lattanzio* will be denied

---

[3] "Generally there is a strong presumption against modification of a protective order." *Int'l Equity Investments, Inc.,* 2010 WL 779314, at \*3; *see S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001) ("Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." (internal quotation marks omitted)). Where the documents sought are not "judicial" in nature, no presumption of access exists. *See id.* Judicial documents, "entitled to a presumption of public access, are items filed with the court that are relevant to the performance of the judicial function and useful in the judicial process." *TheStreet.com*, 273 F.3d at 231 (brackets and internal quotation marks). In contrast, "[d]ocuments that play no role in the performance of Article III functions, *such as those passed between the parties discovery*, lie entirely beyond the presumption's reach and stand on a different footing than a motion filed by a party seeking action by the court, or indeed, than any other document which is presented to the court to invoke its powers or affect decisions." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (emphasis added; alterations, internal quotation marks, and citations omitted); *see TheStreet.com*, 273 F.3d at 232 (citing same). In addition to whether the sought-after documents are "judicial" in nature, a court asked to modify a protective order should also consider whether those party to the protective order "reasonably relied" on it. *See TheStreet.com*, 273 F.3d at 230; *see also Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 297 (2d Cir. 1979) (concluding that "witnesses were entitled to rely upon the terms of a concededly valid protective order and Judge Conner did not abuse his discretion in refusing to vacate or modify that order"). Ultimately "[w]hether to lift or modify a protective order is a decision committed to the sound discretion of the trial court." *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 147 (2d Cir. 1987).  I have stated some, but not all of the factors that weigh in such a decision in this footnote.

without prejudice to his right to file that motion in that case.

**C.**     **Payment of Expenses Incurred in Making Motions to Compel Discovery**

Defendant has not moved for attorney's fees and costs in connection with its motion to compel, but, as discussed *infra*, the Court may be required to award Defendant reasonable expenses incurred in making the motions.  *See* Fed. R. Civ. P. 37(a)(5)(A).

The Court has concluded that Defendant's motion to compel the production of Plaintiff's tax returns and medical and psychiatric records will be denied as moot because Plaintiff produced those documents after Defendant filed its motions to compel.  The Court has also concluded that Defendant's motion to compel the production of Plaintiff's deposition transcript in the *Lattanzio* litigation will be granted in part.  Reasonable expenses may be warranted in both instances.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedures provides that where, as here, "the motion [to compel] is granted . . . or . . .the disclosure or requested discovery is provided after the motion was filed . . . the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* (emphasis added).  There are exceptions to this requirement, but they typically factor into the analysis after the Court has given the non-dislosing party "an opportunity to be heard." *Id.*; *see* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

In a response to Defendant's motion to compel production of her medical and psychiatric records, Plaintiff notes that she "has made a good faith effort to produce the records sought by the defendant." Doc. 38, at 1; *see also* Doc. 32 and 33 (stating that Defendant's motion to compel should be denied due to her "substantial compliance").  The Court accepts Plaintiff's representation that *after*

Defendant filed its motions to compel the production of her tax returns and medical and psychiatric records, Plaintiff made a good faith effort to produce, and indeed, did produce the sought-after documents.  But in determining whether discovery sanctions are appropriate for discovery noncompliance, the Court is largely concerned with whether a party's evasive or incomplete disclosure was substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).  After Defendant has gone through the trouble of filing a motion to compel, Plaintiff's good faith, post-motion-to-compel efforts to produce the requested discovery is more or less beside the point.  In any event, Plaintiff's argument in this regard is for another day.  The Court will revert to the question of whether costs and attorney's fees should be awarded for Plaintiff's non-compliance after giving the parties "an opportunity to be heard."  Fed. R. Civ. P. 37(a)(5)(A).

### III

For the reasons stated above, the Court rules as follows:

Defendant's Motion to Unseal Plaintiff's Deposition Transcript [Doc. 35] is DENIED without prejudice to its right to file that motion in the *Lattanzio* case.

Defendant's Motion to Compel Production of Plaintiff's Medical and Psychiatric Records [Doc. 34] is DENIED as moot.

Defendant's Motion to Compel Production of Plaintiff's Tax Returns and Deposition Transcript [Doc. 31] is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to compel production of the 42 pages of Plaintiff's deposition transcript ordered unsealed by Magistrate Judge Fitzimmons in *Lattanzio*.  *See Buturla v. Lattanzio*, No. 3:11 CV 00661 (WWE) (HBF), (D. Conn.), Doc. # 24 (ORDER, filed 7/18/2012).  It is DENIED to the extent it seeks to compel production of the remaining portions of the transcript.  It is DENIED as moot to the extent

it seeks to compel production of Plaintiff's tax returns.

Plaintiff shall serve Defendant with the portion of her deposition transcript ordered unsealed in *Lattanzio* within **14 days** of this Ruling.  Also within **14 days** of this Ruling, Plaintiff, if so advised, may file a written response to this Ruling and/or request a hearing to show cause why she and/or her counsel should not be required to pay Defendant's reasonable expenses incurred in making its motions to compel [Docs. 31 and 34], including attorney's fees.  *See* Fed. R. Civ. P. 37(a)(5)(A)

Defendant within **14 days** of this Ruling shall file proof of its "reasonable expenses" and attorney's fees incurred in making its motions to compel [Docs. 31 and 34].  Included in Defendant's submissions should be receipts to document expenses and contemporaneous attorney's records regarding the legal services provided (the name(s) and experience level(s) of counsel, dates, numbers of hours, and description of services rendered).  *See New York Ass'n of Retarded Children v. Carey,* 711 F.2d 1136, 1147-48 (2d Cir. 1983) ("announc[ing] for the future that contemporaneous time records are a prerequisite for attorney's fees in this Circuit") (citing *Hensley v. Eckerhart,* 461 U.S. 424, 440-41 (1983) (Burger, *C.J.,* concurring)).

It is SO ORDERED.

Dated:   New Haven, Connecticut
         November 10, 2015

                                          /s/ *Charles S. Haight, Jr.*
                                          CHARLES S. HAIGHT, JR.
                                          Senior United States District Judge